# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Sybil Bleus

Plaintiff,

V.

Equifax

Defendant

FILED
IN CLERKS OFFICE

2026 JAN 23 PM 3:39

Case No.

JURY TRIAL DEMANDED

## INTRODUCTION

This is an action seeking statutory, actual, and punitive damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

Equifax failed to comply with its obligation under 15 U.S.C. § 1681g(a) to provide Plaintiff with a full and accurate disclosure of the information contained in her consumer file. As a result, Sybil Blue was left unable to fully identify, investigate, or dispute harmful inaccuracies in her credit data, leading to economic and emotional harm, including the denial of credit and financial stress.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.
2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in Massachusetts.

1

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

## PARTIES

3. Plaintiff Sybil Bleus is a natural person and a resident of the Commonwealth of Massachusetts.

4. Plaintiff is a "consumer" as defined under 15 U.S.C. § 1681a(c).

5. Defendant Equifax Information Services, LLC is a Georgia limited liability company with its principal office at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

6. On or around August 3rd, 2025, Sybil Blue used the official government-sanctioned website www.annualcreditreport.com to request a copy of her Equifax consumer disclosure.

7. Equifax responded with a digital file that was incomplete and lacking in required content. It failed to include:

- Full account numbers
- ALL Internal account and dispute codes
- Detailed payment histories
- Date of first delinquency
- Compliance condition codes
- Notations from furnishers, such as remarks and special comments

8. Multiple accounts—particularly from furnishers such as FM/FIRSTMARK SERVICED TRUST MOHELA/SERVICING, MISSOURI HIGHER EDUCATION LOAN—were partially redacted or coded in a way that made them indecipherable to Sybil Blue.

2

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

9. These omissions made it impossible for Sybil Blue to determine whether the negative items listed were accurate, outdated, or misreported.

10. In or around September, 2025 Sybil Bleus applied for a mortgage and was denied credit based on derogatory information reported by Equifax.

11. Sybil Blue received an adverse action letter referencing Equifax data, but due to the missing information in her disclosure, she could not investigate or correct any inaccuracies.

12. The inability to access a full and transparent report caused Sybil Bleus:

- Significant anxiety and depression, including trouble sleeping and loss of appetite
- Disruption at work, including difficulty focusing and missed productivity
- Financial loss, including the inability to consolidate debts or obtain lower-interest credit
- Out-of-pocket expenses, including the cost of consulting credit repair professionals

13. Under 15 U.S.C. § 1681g(a), Equifax is required to provide consumers with "all information in the consumer's file" at the time of their request. This includes unredacted account identifiers, internal codes, and historical data used in generating credit reports.

14. Equifax routinely provides this data to creditors, insurers, and debt collectors—but intentionally withholds it from consumers who request reports through AnnualCreditReport.com, according to a long-standing internal policy.

15. This practice violates the plain meaning and intent of the FCRA and has been condemned by regulators and courts alike.

16. The FTC's June 30, 2000 Advisory Opinion (Darcy) made clear that "all information in the file" includes account numbers and data routinely shared with third parties.

17. In Washington v. Equifax, No. 3:19-cv-00154 (M.D. Tenn. 2019), the court held that Equifax's refusal to provide account numbers and codes violated § 1681g(a) and rejected Equifax's claim that it could "abbreviate" information.

18. Equifax has been sued repeatedly for this same conduct but continues to willfully ignore its legal obligations to consumers like Sybil Blue.

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Failure to Disclose All File Contents – 15 U.S.C. § 1681g(a))

19. Plaintiff incorporates paragraphs 1 through 18 by reference.

20. Equifax failed to disclose all information clearly and accurately in Plaintiff's consumer file, as required by 15 U.S.C. § 1681g(a)(1).

21. This failure resulted in both actual damage and emotional distress, as Plaintiff was unable to identify and dispute harmful entries and suffered financial harm and anxiety.

22. Equifax's conduct was willful within the meaning of 15 U.S.C. § 1681n, or in the alternative, negligent under § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sybil Blue respectfully requests this Court:

- Award statutory damages up to $1,000 under 15 U.S.C. § 1681n(a)(1)(A);
- Award actual damages under 15 U.S.C. § 1681o(a)(1);
- Award punitive damages under 15 U.S.C. § 1681n(a)(2) for willful noncompliance.
- Award costs and reasonable attorney's fees under §§ 1681n(a)(3) and/or 1681o(a)(2).
- Grant such other relief as the Court may deem just and proper.

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED:

Respectfully submitted,

Sybil Bleus

652 W MAIN ST,

AVON, MA 02322

studentrn2np@gmail.com